# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-50942
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EFRAIN GONZALES-TORRES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-194-1

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Efrain Gonzales-Torres appeals his sentence for unlawfully reentering the United States following deportation. We find no error and affirm.

Gonzales-Torres argues that the district court committed procedural error by failing adequately to explain its reasons for the sentence. He asserts that the district court was required to explain why it rejected his arguments that his personal circumstances rendered the case outside "the mine run" of illegal reentry cases and his prior conviction was too old to justify a 16-level

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement. See Rita v. United States, 127 S. Ct. 2456 (2007). Because Gonzales-Torres did not assert his claim of procedural error in the district court, we review it for plain error. See United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008). He must demonstrate (1) error, (2) that is clear and obvious, and (3) that affects substantial rights. Id. If these conditions are met, we should correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

Although Rita stated that the district court "will normally" explain why it has rejected the defendant's arguments, the Supreme Court did not mandate that a sentencing court state its reasons for rejecting a defendant's specific arguments for a lower sentence. 127 S. Ct. at 2468-69. The sentencing judge is required only to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Id. The district court heard Gonzales-Torres 's arguments for a lesser sentence at two different hearings, referred to the Defendant's reason for returning to the United States, but still concluded that the offense was serious enough to justify the Guidelines sentence. The district court stated enough to satisfy Rita's obligation.

Gonzales-Torres also suggests that the district court may have improperly applied a presumption that a Guidelines sentence was reasonable. See id. at 2465. In support, Gonzales-Torres points only to the Government's response to his objections to the pre-sentencing report. The Government argued that Gonzales-Torres 's case fell within the "heartland" of Guidelines cases and a within-guidelines sentence would be presumptively reasonable. However, nothing in the record suggests that the district court simply applied such a presumption. Instead, the district court stated legally sufficient reasons for imposing the particular sentence in Gonzales-Torres 's case. No procedural error by the district court has been shown, plain or otherwise.

Gonzales-Torres also argues that his sentence is unreasonable because the Guidelines sentencing range was greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a), in light of the following: the staleness of his sixteen-year-old prior conviction; his lawful conduct since his prior conviction; his allegedly commendable reason for returning to this country; and his supposedly convincing reason that he would not return to the United States in the future. We give great deference to sentences falling within the Guidelines range if the district court gives proper weight to the Guidelines and the Section 3553(a) factors. Campos-Maldonado, 531 F.3d at 338. Such sentences are presumptively reasonable. Id. In this case, the district court noted several times that it considered the Guidelines and the factors in Section 3553(a) in determining the sentence. The court concluded that Gonzales-Torres's offense was serious, warranting a sentence within the Guidelines range.

In Campos-Maldonado, the defendant also was convicted of illegal reentry and received a sixteen-level enhancement for a prior conviction. Id. As Gonzales-Torres does here, Campos-Maldonado asserted in the district court that the Guidelines sentencing range was excessive, in part because of his lawful conduct since the time of the prior conviction and because it was not likely that he would attempt to return again. Id. We noted "that the district court was aware of Campos's arguments for a non-guidelines sentence based on his particular circumstances." Id. at 339. We concluded that, to "the extent that Campos argues generally that the sentence is unreasonable based on the factors that he did present to the district court, we discern no reason to disturb the district court's exercise of its discretion." Id. As in Campos-Maldonado, Gonzales-Torres has not demonstrated that the district court abused its discretion by imposing a sentence at the bottom of the Guidelines range.

AFFIRMED.