**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2009

Charles R. Fulbruge III
Clerk

No. 09-50360
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SANTOS ORTIZ-ARRIAGA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC 2:08-CR-490-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Santos Ortiz-Arriaga appeals the 60-month, guideline sentence imposed following his guilty-plea conviction to illegal reentry, in violation of 8 U.S.C. § 1326.

Ortiz maintains that his sentence, which includes a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B) because he was previously deported following a drug trafficking conviction, is unreasonable in the light of the sentencing factors of 18 U.S.C. § 3553(a). Specifically, he contends that the district court's decision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to sentence him within the guidelines range resulted in an excessive sentence given the age of his prior convictions. He also asserts: his more serious convictions were attributable to his cocaine use; and, after he stopped using cocaine, his offenses were less serious. Further, Ortiz suggests the advisory Sentencing Guidelines fail to account for his benign motive for committing the instant offense: to care for his ill parents.

In district court, although Ortiz raised several objections at sentencing, he did not challenge the sentence as unreasonable. Arguably, our review should be only for plain error. We need not address that question because his challenges fail under our normal standard of review for issues raised at sentencing.

Although post-*Booker*, the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

The district court made an individualized sentencing decision, based on the facts of the case in the light of the factors set out in § 3553(a). *See Gall*, 552 U.S. at 49-50. The court's conclusion that a within-guidelines sentence was appropriate is entitled to deference, and we presume that it is reasonable. *Id.* at 51; *United States v. Newson*, 515 F.3d 374, 379 (5th Cir.), *cert. denied*, 128 S. Ct. 2522 (2008). It goes without saying that the court was in a superior position to find facts and assess their import under § 3553(a). *Gall*, 552 U.S. at 51. We see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range.

Ortiz also challenges the application of the appellate presumption of reasonableness, claiming it should not apply because § 2L1.2 is not empirically

based.  As he concedes, this assertion is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), *cert. denied*, 2009 WL 1849974 (Oct. 5, 2009) (No. 08-11099).

AFFIRMED.