# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2010

No. 10-30303
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM GONZALEZ-VALENCIA, also known as William Gonzalez, also known as William Gonzales, also known as Julio Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-318-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

William Gonzalez-Valencia (Gonzalez) appeals from his conviction of illegal reentry. He contends that his sentence of 37 months of imprisonment, which was inside the applicable guideline sentencing range, was substantively unreasonable. He contends that the sentence was unreasonable because of the staleness of the 1988 Florida drug conspiracy conviction responsible for a 16-level adjustment to his base offense level and his law-abiding lifestyle in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States since he illegally reentered this country in 2001. He asserts that we should adopt the reasoning of the Ninth Circuit in *United States v. Amezcua-Vasquez,* 567 F.3d 1050 (9th Cir. 2009), which he argues would result in a determination that his sentence was unreasonable.

Following *United States v. Booker*, 543 U.S. 220, 261-63 (2005), sentences are reviewed for "reasonableness." *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Under the now-discretionary guidelines scheme, the sentencing court has a duty to consider the factors of 18 U.S.C. § 3553(a) and to correctly determine the applicable guidelines range. *Id.* at 518-19. Pursuant to *Gall v. United States*, 552 U.S. 38, 49-50 (2007), this court must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence imposed is substantively reasonable. Review is for abuse of discretion. *Id.* at 51. "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Gonzalez was born in Colombia, where he lived until he moved to Florida in 1988. He was convicted in 1988 and deported in 1989. He remained abroad until 2001. He lived illegally in the United States from 2001 until 2009. Gonzalez had only a very brief history in this country before his Florida convictions and subsequent deportation. Moreover, Gonzalez was deported in the year following his Florida convictions. Additionally, Gonzalez lived abroad for 12 years, and then lived illegally and unsupervised by the authorities in the United States for ten more years. Gonzalez has not rebutted the presumption of reasonableness given to a within-range sentence with his arguments based on the age of his pre-deportation conviction and his allegedly law-abiding life in the United States. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir. 2008); *cf. United States v. Valencia-Barragan,* 608 F.3d 1103, 1108-09 (9th Cir. 2010), *petition for cert. filed* (Sept. 20, 2010) (No. 10-6656).

AFFIRMED.