# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2011

No. 10-10321
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO PERALES-CARRIZALES, also known as Jorge Alberto Mata-Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-155-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Fernando Perales-Carrizales (Perales) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. The district court sentenced Perales to 51 months of imprisonment, a sentence in the middle of the guidelines sentence range.

Perales argues that his sentence was substantively unreasonable because the guidelines sentence range overstated his criminal history. He maintains

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his criminal history was not as serious as that of an average defendant in his criminal history category who received the 16-level enhancement that he received. He contends that the record showed that he lived peaceably in the United States for years before being accidentally discovered by officers looking for his parents. He states that his guidelines sentence range was increased from 1-7 months of imprisonment to 46-57 months of imprisonment solely because of his conviction for alien smuggling, a minor offense for which he was only sentenced to eight months of imprisonment. He asserts that both of his prior convictions were over 10 years old at the time of sentencing, lessening the likelihood of recidivism, even though the convictions were properly included in his criminal history score because they occurred less than 10 years before the commencement of his current offense in 2005 or 2006. He concludes that his sentence was unreasonable because a "perfect storm" of the staleness of his prior convictions, the minor nature of his prior convictions, and the failure of U.S.S.G. § 2L1.2 to consider the length of prior sentences makes him less culpable than a typical defendant with a guidelines sentence range of 46-57 months of imprisonment.

Perales's sentence was within the properly calculated guidelines range. Accordingly, the sentence is presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Although the 16-level enhancement applied to Perales pursuant to U.S.S.G. § 2L1.2(b)(1)(A) can lead to unjust sentences for some defendants, the application of a § 2L1.2(b)(1)(A) enhancement does not remove the presumption of reasonableness for within-guidelines range sentences, and the determination whether such an enhancement leads to an excessive guidelines sentence range is entrusted to the discretion of the district court. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). Accordingly, the large increase in Perales's guidelines sentence range based upon his prior conviction for alien smuggling does not make the sentence unreasonable. *See id.* Furthermore, as Perales's prior

convictions occurred within 10 years of the commencement of his present offense, the sentence was not unreasonable due to the remoteness of the prior convictions. *See United States v. Gonzalez-Valencia*, No. 10-30303, 2010 WL 4561396 at *1 (5th Cir. Nov. 12, 2010) (unpublished).

The district court, explicitly considering the 18 U.S.C. § 3553(a) sentencing factors and the arguments raised by Perales in his motion for a downward departure or variance, found that a sentence in the middle of the guidelines sentence range was appropriate. Considering the totality of the circumstances, as we must, *see Gall v. United States*, 552 U.S. 38, 51 (2007), Perales has not shown that the sentence was unreasonable. *See Rita v. United States*, 551 U.S. 338, 359-60 (2007).

AFFIRMED.