# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 12, 2011

No. 10-51128
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN RAMON-DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-523-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Ramon-Diaz (Ramon) appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States. He contends that the sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a); that the guidelines sentencing range was too severe given that it was based, in part, on a 12-level enhancement that did not take into account the temporal remoteness of the prior conviction that triggered the enhancement; and that the Guidelines failed to take into account his personal circumstances,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

including the fact that he had lived in this country for a long time and that he struggles with alcoholism. Ramon asserts that the offense of illegal reentry is not a crime of violence, did not pose a danger to others, is not evil in itself, and is merely "an international trespass."

Ramon argues that the substantive reasonableness of his sentence should be reviewed for an abuse of discretion. He does so, however, only to preserve the issue for further review in light of a circuit split on the issue of the standard of review. He concedes that, under the law of this circuit, review is limited to plain error because there was no objection in the district court that the 36-month sentence was substantively unreasonable. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In a series of unpublished opinions, this court has rejected the argument that the staleness of a defendant's prior conviction renders his within-range sentence unreasonable. *See United States v. Gonzalez-Valencia*, 401 F. App'x 888, 888-89 (5th Cir. 2010); *United States v. Ortiz-Arriaga,* 355 F. App'x 849, 849-50 (5th Cir. 2009), *cert. denied,* 130 S. Ct. 2133 (2010); *United States v. Gonzales-Torres,* 288 F. App'x 927, 928-29 (5th Cir. 2008). This court has also rejected the argument that a guidelines sentence for illegal reentry is unreasonable because it is a mere trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir.2006). The district court considered Ramon's argument for a sentence at the low end of the sentencing guidelines range. Expressing concern over Ramon's long criminal history and his use of, inter alia, multiple aliases and birth dates, the district court ultimately refused to sentence him to the low end of the advisory guidelines range. Ramon's mere

No. 10-51128

disagreement with the sentence does not suffice to rebut the presumption of reasonableness that attaches to a sentence within the advisory guidelines range. *Cf. United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir.2008). Ramon has shown no error, plain or otherwise, by the district court. *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.