**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2011

Lyle W. Cayce
Clerk

No. 10-51081
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILBERTO ROJAS-SANDOVAL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2129-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gilberto Rojas-Sandoval (Rojas) appeals from his within-guidelines range sentence of 45 months of imprisonment for illegal reentry. He does not challenge that the district court properly calculated the guideline range as 41-51 months. He argues only that the sentence imposed was substantively unreasonable for several asserted reasons. Because Rojas did not object to his sentence, review is for plain error only. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2007). However, in any event, no error, plain or otherwise, is presented on this appeal.

Rojas concedes that his contention that a sentence within a guidelines range calculated pursuant to U.S.S.G. § 2L1.2 should not be afforded a presumption of reasonableness on appeal is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert denied*, 130 S. Ct. 192 (2009). Likewise, Rojas's argument that his sentence should have been more lenient because his offense was neither violent nor dangerous but rather was, essentially, an international trespass has also been rejected by this court. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Although he contends that the sentence is unreasonable because it does not properly account for his history, characteristics, or the age of his prior aggravated assault conviction, the district court expressly concluded that the sentence was appropriate in light of all of the 18 U.S.C. § 3553(a) factors, and this court must give deference to that conclusion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Rojas fails to rebut the presumption of substantive reasonableness which we afforded his within-guidelines sentence on appeal, *see United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006),[1] much less shows plain error. *See Peltier,* 505 F.3d at 391-92.

AFFIRMED.

---

[1] *See also United States v. Agguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006); *United States v. Gonzalez-Valencia*, 401 F. App'x 888, 888-89 (5th Cir. 2010); *United States v. Ortiz-Arriega*, 355 F. App'x 849, 849-50 (5th Cir. 2009); *United States v. Gonzales-Torres*, 288 F. App'x 927, 928-29 (5th Cir. 2008).