## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2011

Lyle W. Cayce
Clerk

No. 11-50179
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANSISCO JAVIER LIRA-TREJO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1590-1

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Fransisco Javier Lira-Trejo appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States. He was sentenced to 46 months in prison, within the applicable guidelines range of 46 to 57 months.

Lira-Trejo contends that U.S.S.G. § 2L1.2 is not empirically based and results in excessive sentences; that the age of the burglary conviction used to enhance his sentence renders his sentence unreasonable; that his sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range overstates the seriousness of his illegal reentry offense, which he asserts is simply an international trespass; and that the district court did not take into account his history and characteristics. We review sentences for reasonableness, employing a deferential abuse-of-discretion standard, and we presume that a sentence within a properly calculated guidelines range is reasonable. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007).

The lack of empirical basis for § 2L1.2 does not necessarily render a within-guidelines sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009). In a series of unpublished opinions, we have rejected the argument that the staleness of a defendant's prior conviction renders his within-range sentence unreasonable. *See United States v. Gonzalez-Valencia*, 401 F. App'x 888, 888-89 (5th Cir. 2010); *United States v. Ortiz-Arriaga,* 355 F. App'x 849, 849-50 (5th Cir. 2009), *cert. denied,* 130 S. Ct. 2133 (2010); *United States v. Gonzales-Torres,* 288 F. App'x 927, 928-29 (5th Cir. 2008).

We likewise reject Lira-Trejo's contention that unlawful reentry–a federal felony carrying significant criminal penalties–is merely an international trespass. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Nor do we discern any improper weighing of the other factors cited by Lira-Trejo, including his personal history and characteristics. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). In short, the district court considered Lira-Trejo's arguments and the facts of the case before concluding that a within-guidelines sentence was appropriate. Lira-Trejo's mere disagreement with the court's assessment of those factors is insufficient to rebut the presumption that the sentence is reasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.